No. A–603. SCHLESINGER *v.* LAIRD, SECRETARY OF DEFENSE, ET AL. C. A. 7th Cir. Application for stay presented to MR. JUSTICE DOUGLAS, and by him referred to the Court, denied.

MR. JUSTICE DOUGLAS, dissenting.

Applicant, a lieutenant in the United States Army Reserve, has asked this Court for a stay of the order requiring him to report to Fort Sill, Oklahoma, for active duty for training, concededly a part of his military obligation. He claims, however, that he is entitled to a medical discharge.

Applicant was examined by three physicians at the Great Lakes Naval Training Center in Illinois. Each was a specialist in the area in which he conducted his examination. Purporting to follow Army regulations governing the standards for retention in the Army, one determined that applicant has a disqualifying foot condition and another that he has a disqualifying allergic condition. The third, a psychiatrist, found that applicant's psychiatric condition, if further documented, would render him ineligible for service. Despite these findings, the Surgeon General, exercising his *ex parte* discretion pursuant to Army Regulation 40–501, determined that applicant is qualified for active duty. The only substantiation for that decision submitted to the Court is a letter written by the Surgeon General to Senator Percy, in which he stated that applicant's problems are not of sufficient severity to render him unfit under Army regulations.[1]

Applicant brought an action in the United States District Court for the Northern District of Illinois, challenging the decision of the Surgeon General on the grounds

---

[1] The Surgeon General apparently considered earlier physical examinations of applicant in addition to those conducted at the Great Lakes Naval Training Center.

that it constituted an abuse of discretion and was without a basis in fact. While this action was pending, applicant was ordered to active duty for training.[2] Subsequently, the District Court granted summary judgment for the Government, finding that the Surgeon General's action was not arbitrary or capricious. Applicant's appeal from that judgment is now pending before the United States Court of Appeals for the Seventh Circuit, which refused to stay his order to active duty pending appeal.[3]

Applicant does not challenge the validity of the regulation allowing the Surgeon General to review the decisions of examining physicians. And, indeed, it may be that applicant is in fact qualified for retention and that the Surgeon General has not abused his discretion. The difficulty I have with the procedure afforded applicant is that the record does not disclose any basis for the Surgeon General's action. When the District Court concluded that the decision was not arbitrary or capricious and granted summary judgment for the Government, it in effect refused to inquire into the basis for overriding the judgment of the specialists who had examined applicant. This amounts to a conclusion that the Surgeon General has unreviewable discretion.

However one views the merits of military service, there can be no question that it results in very real and severe restrictions on personal liberty. We have always demanded that such restraints, at a minimum, accord with accepted notions of procedural due process. In *SEC* v. *Chenery Corp.*, 318 U. S. 80, 94, we stated: "The Commission's action cannot be upheld merely because findings

---

[2] The order to active duty was postponed pending decision by the District Court. We are told that applicant subsequently was scheduled to report for active duty on December 6 or 7.

[3] Applicant has requested a stay pending his petition to this Court for a writ of certiorari to the Seventh Circuit to review the order denying a stay pending appeal.

might have been made and considerations disclosed which would justify its order as an appropriate safeguard for the interests protected by the Act. There must be such a responsible finding. . . . For the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review. . . . [T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." Certainly, no less protection should be afforded a person who is subjected to significant restraints on his personal liberty as a result of administrative action.

Since I conclude that the decision of the Surgeon General failed to comport with this basic requirement of procedural due process, I would grant the stay requested.